Filed 2/3/26  P. v. Santana CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084844 |
| v. | (Super.Ct.No. INF2400602) |
| MANUEL SANTANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randolph Rogers, Judge. (Retired judge of the L.A. Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Manuel Santana was charged by information with child abuse likely to cause great bodily injury or death (Pen. Code[1], § 273a, subd. (a), count 1), misdemeanor battery (§ 242, count 2), and misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 3). The information also alleged that he had three prior strike convictions. (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2).) A jury found defendant guilty on count 3, but acquitted him on counts 1 and 2. The court sentenced him to 270 days in county jail, with 208 days of custody credits.

On appeal, defendant argues that the prosecutor improperly shifted the burden of proof to the defense during closing arguments, and thus reversal of count 3 is necessary. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2023, defendant was at the home of his mother, where he had repaired a car for a customer. When the customer came to pick up the car, defendant's mother could not find defendant, and she let the customer take the car without paying. When defendant found out, he was angry and got into an argument with his mother. Defendant wanted to talk to his mother's husband, although she said her husband did not know anything, so he went upstairs. Defendant's mother wanted defendant to leave, and she

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

called 911.  When she was on the phone, her younger son, John Doe, came into the room and told her defendant hit him.[2]

The police arrived at the residence and arrested defendant.  One of the officers observed that he appeared to be under the influence of methamphetamine.  Another officer searched defendant before placing him in the patrol car.  He did not find any weapons or drugs on defendant's person at that time.  The officer searched defendant a second time at the police station and located a plastic baggie containing a white substance in defendant's right pant pocket.  The officer tested the substance, and it tested positive for methamphetamine.  A criminalist later analyzed and weighed the substance.  She testified at trial that it contained methamphetamine and weighed .620 grams, which was a usable amount.

## DISCUSSION

### The Prosecutor Did Not Shift the Burden During Closing Arguments

Defendant argues that the prosecutor committed prejudicial error during closing arguments.  He contends "the prosecutor's statements that the defense had subpoena power and failed to prove [his] actions were an accident, improperly shifted the burden of proof to the defense."  The People respond that the prosecutor's remarks were a proper response to defense counsel's closing argument, during which he asserted that the prosecution could have produced various expert witnesses but failed to do so.  The

---

[2]  At trial, John Doe, who was in third grade at the time of trial, said defendant hit him with an open hand near his eye.  He testified that defendant did not see him coming and accidentally hit him.

People further argue that any error was harmless since defendant was not prejudiced.  We agree with the People.

A.  *Closing Arguments*

At the close of evidence, the defense requested that the trial court instruct the jury to find defendant not guilty if he acted accidentally.  The court accordingly instructed the jury that defendant was "not guilty of child abuse likely to cause great bodily injury, child abuse, or simple battery if he acted without the intent required for that crime, but instead accidentally."

In his closing argument, defense counsel argued that defendant hit John Doe accidentally.  Defense counsel further commented that he was surprised the prosecution did not call expert witnesses, such as a pediatrician or a child psychologist, or a toxicologist to testify about various things such as John Doe's injuries and defendant being under the influence of methamphetamine at the time he committed the offenses.

In her rebuttal argument, the prosecutor addressed defense counsel's comments: "The Court has told you [the jury] multiple times the only burden lies with the People. That is absolutely one hundred percent true.  But you are to evaluate the evidence that you have received.  And you should know that the subpoena power belongs to both sides. The defense referenced the subpoena power.  Here's the subpoena power.  It is the ability to bring people and documents into court whether they want to come or not.  For a person, if you don't come, I will have you put in jail by the judge.  Both sides have that ability.  So don't let them talk about experts if they expect for you to hear from [sic].  If they want to call an expert, they are also welcome."  Defense counsel objected on

4

grounds of burden shifting. The prosecutor stated, "Failure to call logical witnesses is an appropriate argument." The court then overruled defense counsel's objection.

B. *The Prosecutor Did Not Shift the Burden of Proof*

Defendant contends the prosecutor committed misconduct and shifted the burden to the defense by arguing or implying that defendant had a duty or burden to produce evidence or prove his innocence. Defendant specifically cites the prosecutor's argument that "the defense had subpoena power and failed to prove [his] actions were an accident" and claims her comments in this regard "infected the trial with such unfairness that [his] federal due process rights were violated." We see no misconduct, and, in any event, find no ground for reversal since the jury convicted defendant only of possession of a controlled substance (count 3).

"The standards governing review of misconduct claims are settled. 'A prosecutor who uses deceptive or reprehensible methods to persuade the jury commits misconduct, and such actions require reversal under the federal Constitution when they infect the trial with such "'unfairness as to make the resulting conviction a denial of due process.'"'" (*People v. Parson* (2008) 44 Cal.4th 332, 359 (*Parson*).) Further, a prosecutor may not comment "that a defendant has a duty or burden to produce evidence, or a duty or burden to prove his or her innocence." (*People v. Bradford* (1997) 15 Cal.4th 1229, 1340.) However, "a prosecutor may make '"comments based upon the state of the evidence or upon the failure of the defense to introduce material evidence or to call anticipated witnesses."'" (*People v. Steskal* (2021) 11 Cal.5th 332, 351.) "[I]t is neither unusual nor

improper to comment on the failure to call logical witnesses." (*People v. Gonzales* (2012) 54 Cal.4th 1234, 1275.)

Here, the prosecutor's remarks cited by defendant did not suggest that defendant had the burden of proof. Rather, her comments fairly responded to defense counsel's statement that the prosecutor did not call on expert witnesses to testify. Additionally, the court clearly and repeatedly instructed the jury that the People had the burden of establishing defendant's guilt beyond a reasonable doubt. Further, the prosecutor reiterated that only she had the burden of proof. Defense counsel objected on grounds of burden shifting when the prosecutor said, "So let's talk about what the defense wants you to believe here. That this whole thing was an accident." The court did not understand counsel's objection. The prosecutor clarified, stating: "The only group in this courtroom with a burden of proof is me . . . . The defendant is presumed to be not guilty. We [the prosecutors] bring the evidence. We must prove it to you beyond a reasonable doubt." The prosecutor later reminded the jury: "The Court has told you multiple times the only burden lies with the People. That is absolutely one hundred percent true."

Moreover, the prosecutor's remarks were in direct response to arguments made by defense counsel during his closing argument. It is now recognized that rebuttal arguments are appropriate where they "permit the prosecutor to fairly respond to arguments by defense counsel. Indeed, even otherwise prejudicial prosecutorial argument, when made within proper limits in rebuttal to arguments of defense counsel, does not constitute misconduct. In such circumstances, the prosecutor cannot be charged with misconduct if his or her comments only spill over somewhat into a forbidden area;

6

the departure from propriety must be a substantial one." (*People v. Thomas* (2021) 64 Cal.App.5th 924, 954, internal citations and quotation marks omitted.)

It was defense counsel, in his closing argument, who repeatedly expressed the view that he was "surprised" the prosecution did not produce expert witnesses. He suggested the prosecutor could have called a pediatrician, a child psychologist, and a toxicologist. He suggested that those experts would have changed the outcome of the case. Thus, the prosecutor's comments were clearly a fair and appropriate response to defense counsel's arguments. Otherwise, it would unfairly appear that trial was heard excluding certain items of evidence favorable to the defense.

In sum, the record does not support defendant's claim that the prosecutor committed misconduct by her comments, as they do not show she used "deceptive or reprehensible methods to persuade the jury." (*Parson*, *supra*, 44 Cal.4th at p. 359.) Moreover, the prosecutor did not shift the burden of proof to defendant; rather, she emphasized that only she had the burden of proof.

In any event, even if the prosecutor's comments were errors, defendant was not prejudiced by them, and no relief is warranted. The prosecutor's comments that defendant complains of were in response to defense counsel's comment on expert witnesses being called with regard to counts 1 and 2. However, the jury acquitted defendant of counts 1 and 2; thus, he was not prejudiced by the cited comments. The jury found him guilty only of count 3 — misdemeanor possession of a controlled substance. The evidence undisputedly showed that the police officer searched defendant and found

him in possession of methamphetamine.  Therefore, defendant has given us no reason to reverse count 3.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.
MENETREZ _____
J.